UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Ex rel.* ROY L. BOLINGER,<br><br>　　　　Plaintiff/Relator,<br><br>　　v.<br><br>RMB, INC.,<br>f/k/a RECEIVABLES<br>MANAGEMENT BUREAU, INC.,<br>RUBIN AND RAINE OF NEW JERSEY, LLC,<br>RUBIN AND RAINE HOLDINGS, LP, and<br>RUBIN AND RAINE OF COLORADO, LLC,<br><br>　　　　Defendants. | Civil Action No. 18-15446<br>(MAS)(DEA)<br><br>**MEMORANDUM ORDER** |

**ARPERT, U.S.M.J.**

THIS MATTER comes before the Court on Plaintiff's renewed motion for leave to amend the Complaint. ECF No. 41-2. Plaintiff seeks to amend the original Complaint pursuant to Fed. R. Civ. P. 15(a) to 1) add factual allegations, 2) add Wakefield and Associates ("Wakefield") as a defendant, and 3) amend the caption to reflect Defendant RMB Inc., previously known as Receivable Management Bureau Inc., is currently doing business as 24th Street Inc.[1] *Id.* at 1. Wakefield opposes this motion on two grounds; first, that Plaintiff did not provide the Court with any reason to "[d]eviate [f]rom [i]ts [d]enial" of the first motion for leave to amend, and second, that Plaintiff sought to add Wakefield pursuant to the incorrect standard of Rule 15. ECF No. 43 at 6.

---

[1] Wakefield does not object to the amendment of the caption. *See generally* ECF No. 43.

1

## I. Factual and Procedural Background

On March 11, 2021 the Court entered an Order 1) reopening the matter, restoring it to the docket, and unsealing the Complaint, and 2) directing Plaintiff to serve the named Defendants, RMB,Inc. ("RMB"), Rubin and Raine of New Jersey, LLC ("RRNJ"), Rubin and Raine Holdings, LP ("RR Holdings"), and Rubin and Raine of Colorado, LLC ("RRCO"). ECF No. 8. RR Holdings, RRNJ, and RRCO were served on June 9, 2021. ECF Nos. 11, 12, and 13. RMB executed a waiver of service on June 24, 2021. ECF No. 14.

Plaintiff's original motion for leave to amend the Complaint came before the Court on September 13, 2021. ECF No. 16. In the moving papers, Plaintiff sought to add Wakefield as party to the litigation pursuant to Rule 25. ECF No. 16-2 at 1. During the hearing on the motion, the Court instructed the Plaintiff and Wakefield that Rule 25 was the incorrect standard to rely on to add Wakefield as a defendant. ECF No. 36. The Court denied the motion without prejudice on April 8, 2022 to allow Plaintiff to refile the motion under the correct procedural rule for adding a new defendant. *Id.*; ECF No. 42 at 11.

## II. Discussion

### A. Wakefield, as a Non-Party, Lacks Standing to Oppose this Motion for Leave to Amend

Plaintiff challenges Wakefield's standing to oppose the instant motion based on the Court's prior instruction. ECF No. 45 at 3; ECF No. 42 at 11. In this District, courts have held non-parties lack standing to oppose motions to amend where they are not yet named parties in the case. *See Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) ("Proposed defendants 'do not have standing to oppose' a

2

motion to amend 'because they are not yet named parties[.]'") (citation omitted); *Chesler v. City of Jersey City*, No. 2:15-CV-1825-SDW-ESK, 2019 WL 6318301, at *4 (D.N.J. Nov. 26, 2019) (holding the non-party and "Defendants may challenge the sufficiency of the pleading by way of a dispositive motion once [the non-party] has been named as a party, if appropriate."); *Raab Fam. P'ship v. Borough of Magnolia*, No. CV 08-5050 (JBS/AMD), 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009) (finding even if "counsel raises the futility argument as counsel for the proposed parties" the non-parties "lack standing, at this time, to oppose the motion to amend."). Other courts have held similarly. *See Vasquez v. Summit Women's Center, Inc.*, No. Civ. A. 301-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious.") (citing 3 James Wm. Moore et al., Moore's Federal Practice ¶ 14.21(2) (3d ed. 1999)).

Here, Wakefield is not yet party to the litigation and thus lacks standing to oppose the instant motion. The Court has previously noted that Wakefield does not have standing to object to Plaintiff's application under Rule 15(a)(2) with respect to "additional factual allegations." ECF No. 42 at 11. The Court also noted that if Plaintiff renewed the motion for amending the Complaint under the correct procedural rule, that Wakefield could later argue futility in response to that application. *Id.*; *see also Raab Fam. P'ship*, 2009 WL 10689669, at *4 (holding "[t]he nonparties, once served with the amended complaint, may challenge the sufficiency of the pleading by way of dispositive motion, but since they have not yet been named as parties they lack standing at this time to contest the filing of the proposed amended complaint.").

Clearly, "grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). Thus, notwithstanding the standing of a non-party, the Court has "inherent authority" to conduct a futility

3

analysis on proposed amendments. *See Werner Deconstruction, LLC v. Siteworks Servs. N.Y., Inc.*, No. 15 Civ. 7682 (MLC) (TJB), 2017 WL 1591866, at *7 (D.N.J. Apr. 28, 2017) ("Instead, the Court has the inherent authority to review a proposed amendment for futility and the [c]ourt exercises this authority herein.") (citing *Worseter-Sims v. Tropicana Entm't, Inc.*, 46 F.Supp.3d 513, 517 (D.N.J. 2014)).

Even if the Court was to consider Wakefield's arguments, Wakefield's opposition is based on a Rule 25 analysis. Plaintiff does not move under this Rule. For these reasons, Wakefield's opposition is only considered below where it can be construed as opposing the Rule 15 arguments advanced by Plaintiff.

### B. The Applicable Standard for Plaintiff's Renewed Motion for Leave to Amend

Rule 15(a) provides in relevant part, where a party seeks to amend beyond the party's right as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Under Rule 15(a)(2), a court may grant a party "leave to amend to add an adverse party after the time for responding to the original pleading has lapsed." *Nelson v. Adams United States*, 529 U.S. 460, 466 (2000). Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Id.* at 206 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police*

*Dep't*, No. CV 2:07-5686-CCC-MF, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Further, in the Third Circuit, courts may also ground their decision "on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017).

While "amendments are to be liberally granted, the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989). Courts may reject a Rule 15(a)(2) motion when the amendment sought (1) causes undue delay, (2) arises from bad faith or dilatory motive on the part of the movant, (3) arises from repeated failure to cure deficiencies by amendments previously allowed, (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) is futile. *Foman*, 371 U.S. at 182; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

    a. <u>Futility</u>

To the extent that any argument Wakefield made can be construed as opposing the motion based on Rule 15, they argue the amendment is futile. ECF No. 43 at 9. To that end, Wakefield argues that Plaintiff's pleadings 1) are conclusory, 2) improperly rely on information and belief, and 3) are shotgun pleadings. *Id.* at 10-11.

Amendments are futile if "the complaint, as amended, fails to state a claim upon which relief could be granted[,]" or in other words, when they would fail under a Rule 12(b)(6) analysis. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To survive a 12(b)(6) motion, plaintiffs must show that their claims "cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In the Third Circuit, a district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). While "tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims."

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Clinton*, 2017 WL 1024274, at *5 (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6) motion to dismiss standard [] and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." *Dawn Rest., Inc. v. Penn Millers Ins. Co.*, No. CIV.A. 10-2273 MLC, 2011 WL 4962451, at *4 (D.N.J. Oct. 18, 2011) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (quotation marks omitted).

"[P]leading upon information and belief is permissible where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control—so long as there are no boilerplate and conclusory allegations and [p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (quotation marks omitted).

6

In the proposed First Amended Complaint ("FAC"), Plaintiff seeks to add Wakefield as a defendant under a theory of successor liability and the "mere continuation" exception. ECF No. 45-9 ¶¶ 31-37. To advance this theory, Plaintiff alleges three things. First, Plaintiff alleges that "[i]n or about 2018, Rubin and Raine/RMB merged with Wakefield." *Id.* at ¶ 31. Second, Plaintiff alleges that "[u]pon information and belief, as part of the merger, Wakefield acquired Rubin and Raine/RMB's liabilities, including the False Claims Act liability alleged in this action." *Id.* Third, Plaintiff alleges that "upon information and belief, after this merger, Wakefield was a mere continuation of Rubin and Raine/RMB's prior business and operations because Rubin and Raine/RMB thereafter continued to operate business as usual as it had done before the 2018 merger, while under the same management and executives, as well as while utilizing the same physical locations, office addresses, and other assets." *Id.* Plaintiff pleads fact-specific details and provides exhibits to support them. *Id.* at ¶¶ 32-37. For example, Plaintiff incorporates in the proposed FAC that two current employees of Wakefield have noted on their LinkedIn accounts that RMB "came together with Wakefield" and "was acquired by Wakefield." *Id.* at ¶¶ 32-33. These factual details are supported by what appear to be screenshots of both employees' LinkedIn pages. ECF Nos. 45-2 and 45-3.

Generally, under New Jersey law, successor liability cannot be found where "where one company sells or otherwise transfers all its assets to another company the latter is not liable for the debts and liabilities of the transferor." *Colman v. Fisher–Price, Inc.*, 954 F.Supp. 835, 838 (D.N.J. 1996). However, there are four exceptions to this general rule where successor liability may be found: "(1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is entered into fraudulently

7

in order to escape liability for such debts." *McKee v. Harris-Seybold Co., Div. of Harris-Intertype Corp.*, 109 N.J. Super. 555, 561, 264 A.2d 98, 101–02 (Law. Div. 1970), *aff'd*, 118 N.J. Super. 480, 288 A.2d 585 (App. Div. 1972), and *abrogated* by *Ramirez v. Amsted Indus., Inc.*, 86 N.J. 332, 431 A.2d 811 (1981).

Here, Plaintiff properly relied upon "information and belief" where 1) Wakefield submitted an Asset Purchase Agreement between Wakefield and RMB in response to Plaintiff's original motion to amend, 2) the agreement was marked "confidential" and the entities involved are private, meaning Plaintiff would not have otherwise had access to the document (ECF No. 22-2 at 2), and 3) this Court had previously denied a 12(b)(6) motion where a plaintiff pursued successor liability claims through "information and belief" at the pleading stage. *See NL Indus., Inc. v. Old Bridge Twp.*, No. CV133493MASTJB, 2014 WL 12631479, at *10 (D.N.J. June 30, 2014) (holding "successor liability allegations [based on information and belief] are enough to satisfy the Rule 8 pleading standard" so long as the defendant is on notice).

Taking these allegations as true and drawing reasonable inferences therefrom, the proposed FAC does sufficiently allege facts whereby Wakefield may be liable as a successor. Moreover, not allowing Plaintiff's proposed Amended Complaint to proceed at this early stage of the litigation would be inappropriate as the information Plaintiff needs to substantiate its claims of successor liability are likely in the possession of Wakefield.

### C. Wakefield Incorrectly Continues to Rely on Rule 25 to Evaluate the Motion to Amend

The Court has previously directed the parties and cautioned them to not rely upon Rule 25 as the mechanism by which to add Wakefield to the litigation at its current stage. ECF No. 42 at

11. Rule 25 is not appropriate here as Plaintiff has not indicated that their goal is to substitute Wakefield into the litigation in place of all other Defendants.

### D. Conclusion

For the reasons herein, in addition to the reasons for which the Court previously denied Plaintiff's original motion for leave to amend, the Court **GRANTS** Plaintiff's renewed motion for leave to amend the Complaint.

IT IS on this 21st day of March 2023;

ORDERED that Plaintiff is to file an Amended Complaint substantially identical to the proposed Amended Complaint filed at ECF No. 45-9 not later than 7 days from the date of this Order; and it is

FURTHER ORDERED this Order terminates ECF No. 41.

_____
DOUGLAS E. ARPERT, U.S.M.J.