NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF FLORIDA,<br>STATE OF GEORGIA,<br>STATE OF NEW JERSEY,<br>STATE OF NEW YORK,<br>STATE OF NORTH CAROLINA, and<br>STATE OF TENNESSEE,<br>*Ex rel.* ROY L. BOLINGER,<br><br>Plaintiffs/Relators,<br><br>v.<br><br>24th STREET, INC., f/k/a RMB, INC.,<br>f/k/a RECEIVABLES<br>MANAGEMENT BUREAU, INC.,<br>RUBIN AND RAINE OF NEW JERSEY,<br>LLC,<br>RUBIN AND RAINE HOLDINGS, LP,<br>RUBIN AND RAINE OF COLORADO,<br>LLC,<br>and WAKEFIELD & ASSOCIATES, INC.,<br><br>Defendants. | Civil Action No. 18-15446 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Relator Roy L. Bolinger's ("Relator") Motion for Default Judgment against Defendants Rubin and Raine of New Jersey, LLC, Rubin and Raine Holdings, LP, and Rubin and Raine of Colorado, LLC (collectively, "RR Defendants"). (ECF No. 105.) Defendant Wakefield & Associates, Inc. ("Wakefield") filed an opposition brief, (ECF No. 106), and Relator filed a reply brief, (ECF No. 107). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of

Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Relator's Motion for Default Judgment is **DENIED**.

On October 26, 2018, Relator, on behalf of the United States and the States of California, Colorado, Florida, Georgia, New Jersey, New York, North Carolina, and Tennessee, filed a complaint against RMB, Inc. f/k/a Receivables Management Bureau, Inc. ("RMB") and RR Defendants (collectively, "Rubin and Raine/RMB") alleging claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.* and various state counterparts, as well as a claim for retaliatory discharge. (ECF No. 1.) On March 27, 2023, Relator filed an amended complaint, adding Wakefield as a defendant alongside Rubin and Raine/RMB (collectively, "Defendants"). (ECF No. 47.) On September 14, 2023, Relator filed his Second Amended Complaint. ("SAC," ECF No. 58.) Relator alleges that Defendants defrauded government programs, such as Medicare and Medicaid, by submitting false claims for reimbursement. (*Id.* ¶ 2.) Relator further alleges that Rubin and Raine/RMB merged with Wakefield and that Wakefield acquired the liabilities of Rubin and Raine/RMB.[1] (*Id.* ¶¶ 31–33.)

On April 29, 2025, the Clerk entered default against RR Defendants for failure to plead or otherwise defend. (*See* Docket Entry dated April 29, 2025); *see also* Fed. R. Civ. P. 55(a). Relator then moved for default judgment against RR Defendants pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 105.)

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, that discretion is not

---

[1] This Memorandum Order focuses on the facts and procedural history relevant to Relator's Motion for Default Judgment. The Court's previous opinion denying Wakefield's motion to dismiss provides a more fulsome summary of this case's procedural and factual background. (*See* ECF No. 66 at 2–8.)

unbounded, and the United States Court of Appeals for the Third Circuit has a "preference" for decisions on the merits. *Id.* at 1181. Moreover, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citing *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430 (E.D. Va. 2006) (relying on *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872))). Specifically, courts should deny default judgments when granting such a judgment "would create the risk of potentially inconsistent judgments based on identical allegations." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016).

Here, Relator argues that Wakefield is liable as a successor to Rubin and Raine/RMB. (SAC ¶¶ 31–33.) Wakefield, in turn, argues both that it did not acquire the liabilities of Rubin and Raine/RMB *and that Rubin and Raine/RMB was not liable in the first place*. (ECF No. 74 ¶¶ 31–33, pp. 103–04.) In light of this, a default judgment holding that RR Defendants are liable could create inconsistencies if Wakefield succeeds on its arguments.[2] Accordingly, default judgment is not appropriate here. *Eteam, Inc.*, 2016 WL 54676, at *3.

Relator primarily contests this by pointing to *Arku-Nyadia v. Legal Sea Foods, LLC*, No. 18-1089, 2022 WL 906468 (D.N.J. Mar. 28, 2022). (ECF No. 107 at 2.) In that case, the plaintiff

---

[2] Relator has only sought entry of default and a default judgment against RR Defendants, not RMB. This does not change the Court's analysis because, as the Court previously explained, "Relator's theory is that Wakefield is responsible for the conduct of all Defendants." (ECF No. 66 at 13.) Therefore, a default judgment as to RR Defendants' liability could create an inconsistency if Wakefield ultimately succeeds in arguing that RR Defendants are not liable.

3

moved for default judgment against the defaulted defendant. *Arku-Nyadia, LLC*, 2022 WL 906468, at *1. Rather than oppose the motion, the non-defaulted defendant and alleged successor in interest filed a cross-motion to stay adjudication of the motion. *Id.* The court denied the motion, reasoning that judgment would not be automatically imposed on the alleged successor. *Id.*

*Arku-Nyadia* is not persuasive here. In addition to being decided in a different procedural posture, the plaintiff in that case had "committed to discontinuing her successor liability claims" if she was able to collect on the default judgment. *Id.* at *2. Accordingly, the court reasoned that granting default judgment would promote judicial and party economy. *Id.* Here, there is no indication that granting default judgment would fully resolve this case, thus, raising the prospect of inconsistent judgments. *See Eteam, Inc.*, 2016 WL 54676, at *3; *Frow*, 82 U.S. (15 Wall.) at 554.

Relator also suggests that *Frow* should be limited to circumstances of joint and several liability. (ECF No. 107 at 5.) While *Frow* is most "strictly applied where the liability is joint and several," *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016), it is not limited to such circumstances, *see Moore v. Booth*, 122 F.4th 61, 67–68 (2d Cir. 2024) (compiling cases and noting that the Third Circuit follows this approach); *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). Instead, the touchstone of *Frow* is inconsistency. *See Eteam, Inc.*, 2016 WL 54676, at *3. Here, entering a default judgment holding RR Defendants liable "would create the risk of potentially inconsistent judgments based on identical allegations" because Wakefield is contesting RR Defendants' liability. *Id.* Accordingly, the Motion for Default Judgment is **DENIED**.[3]

---

[3] Of course, Relator may refile his Motion after there is a determination regarding the liability of Wakefield. *See Sheet Metal Workers Loc. 22 Pension, Welfare, Annuity, Educ., Training & Indus. Funds v. Valenti*,

Therefore, **IT IS** on this 13th day of November, 2025,

**ORDERED** that Relator's Motion for Default Judgment, (ECF No. 105), is **DENIED** without prejudice, and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 105.

_____
Robert Kirsch
United States District Judge

---

No. 07-4576, 2009 WL 10730948, at *2 (D.N.J. Dec. 21, 2009).